## Ballantyne v. Ballantyne

*Kathleen Carey Daley,* for plaintiff.
*David R. Dodd,* for defendant.

BAYLEY, *J.,* June 1, 1984 — Plaintiff instituted a suit against defendant by complaint on May 18, 1983. Service of the complaint was accepted by the defendant's attorney on May 28, 1983. The attorney then filed an affidavit attesting to the fact that he provided his client with a true and correct copy of the complaint.

Paragraph 1 of the complaint avers that the plaintiff "currently resides at box 2586, R.D. no. 2, Etters, York County, Pennsylvania." Paragraph 2 avers that defendant "currently resides at 404 Jennifer Drive, New Cumberland, Cumberland County, Pennsylvania." The praecipe to transmit the record filed on May 25, 1984, contains a vital statistics form indicating that the current residence of the plaintiff is 208 North Franklin Avenue, Pleasantville, N.J., and defendant is 404 Jennifer Drive, New Cumberland, York County, Pa. We take judicial notice that 404 Jennifer Drive, New Cumberland, Pa. is in Farview Township, York County, Pa.

Accordingly, it appears from the record that plaintiff resided in York County, Pennsylvania, at the time he instituted this divorce action and that he now resides in Pleasantville, N.J. The record also reflects that they at the time the divorce complaint was filed defendant resided at and still continues to reside at 404 Jennifer Drive, New Cumberland, York County, Pa. Accordingly, neither plaintiff nor defendant resided in Cumberland County at the time this action was commenced nor does the record reflect that they have ever resided in this

County. As we recently noted in Coyne v. Coyne, 34 Cumberland L.J. 232, 3596 Civil, 1983, filed May 10, 1984:

Unlike other causes of action where venue may be established in the county where the cause of action arose, i.e., Pa. R.C.P. 1006, venue in a divorce action is specifically delineated by Pa. R.C.P. 1920.2 which provides:

The action . . . may be brought only in the county in which the plaintiff or the defendant resides.

This rule was effective on July 1, 1980. Normally, improper venue shall be raised by preliminary objection and if not so raised, will be waived. Pa. R.C.P. 1006(3)(e). That rule further provides that if an objection to venue is sustained and there is a county of proper venue within this state, the action shall not be dismissed but shall be transferred to the appropriate court of that county.

Notwithstanding Rule 1006(3)(e), which has not been amended, the Rules of Civil Procedure for divorce were amended effective July 1, 1983. Rule 1920.2 was not changed, however, the following comment to the rule was added:

The Court Administrator of Pennsylvania on April 23, 1982, pursuant to instructions from the Supreme Court, issued a memorandum and directive to all President Judges that 'the courts of common pleas are directed to require strict compliance with Pa. R.C.P. No. 1920.2. . . .'

We believe that this directive from the Supreme Court of Pennsylvania, which has been printed as a comment to Divorce Rule 1920.2, takes precedence over the general rule set forth in Pa. R.C.P. 1006(3)(e). The directive was obviously designed to prevent forum shopping in divorce cases. Waiving venue would facilitate forum shopping.

Accordingly we will act, sua sponte, in transferring this case to the court of appropriate venue in York County.

## ORDER OF COURT

And, now, this June 1, 1984, it is ordered and directed that the above captioned case is transferred to the Court of Common Pleas of York County, Pennsylvania. The cost and fees for the transfer and removal of the record shall be paid by the plaintiff.